[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
This matter is before the court on the plaintiff, Roland Norwood's in petition for a new trial relating to his convictions for robbery in the First Degree, weapons in a motor vehicle, and possession of narcotics. This court presided over the criminal jury trial.
The plaintiff now seeks a new trial on a claim of newly discovered evidence that is material to the resolution of the case, and which if placed before the jury would have likely produced a different result.
The burden is on the plaintiff to establish by a preponderance of the evidence that the "proferred evidence (1) is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence, (2) would be material on a new trial, (3) is not merely cumulative, and (4) is likely to produce a different result in a new trial." Johnson v. State,36 Conn. App. 59, 63 (1994).
After an evidentiary hearing held on this matter, the court finds that the plaintiff has failed to demonstrate by a fair preponderance of the evidence that:
1) the proffered testimony of Mr. Terrence Robinson related to new discovered evidence;
2) that Mr. Robinson was unavailable as a witness at the time of trial;
3) that the proferred testimony of Mr. Robinson amounted to CT Page 2380 anything more than being cumulative to that of Mr. Kenneth Jamison;
4) that if placed before the jury it would likely have produced a different result.
Also the alleged post-trial comments attributed to Mr. Michael Kucewicz, the victim in the criminal trial, have not been proven by a fair preponderance of the evidence to have been made by him in the context claimed. Even if made as claimed, they are not sufficient to justify a granting of a new trial as he remained steadfast in his identification of Mr. Norwood as the person who robbed him.
Accordingly, the petition for a new trial is denied.
The Court,
MAIOCCO, JUDGE